IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Peter Peralta, #44278-004, | C/A No. 0:09-1812-RBH-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Warden of FCI-Williamsburg, | |
| Respondent. | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, Peter Peralta ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the Federal Correctional Institution in Williamsburg, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner alleges that his sentence is unjust and violated his Due Process rights, and he seeks a sentence adjustment or any relief this court can provide. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed because the Petitioner is not entitled to relief in this court.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke</u>

Page 1 of 8

PJG

v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.



1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Petitioner alleges that he pled guilty to two counts of using a firearm during and in relation to a crime of violence and one count of bank robbery in the United States District Court for the Southern District of Florida (Miami Division) and that he was sentenced on September 27, 1997. (Pet., Docket Entry 1 at 2.) He did not file a direct appeal. (Id.) Petitioner alleges that he did file a petition pursuant to 28 U.S.C. § 2255 in the sentencing court which was denied on September 7, 1999. (Pet., Docket Entry at 6.) Later, Petitioner filed a motion to reduce sentence in the sentencing court, and he alleges that motion was denied on December 28, 2001. (Id.) Petitioner raises the following grounds in the petition before this court: ineffective assistance of counsel; diminished mental capacity; entrapment by the government; and, illegal sentence due to improper enhancements based upon conduct for which he was not convicted. Essentially, Petitioner challenges the validity of his plea agreement and his sentence. (Pet., Docket Entry at 9.) Petitioner alleges that he would not have admitted to certain conduct in his plea agreement if he had known that it would be used to effectively double the length of his sentence. (Pet., Docket Entry 1 at 13, 16.) Petitioner requests a "remand or withdrawal of plea." (Pet., Docket Entry 1 at 16.)



He also requests that the "sentence should be adjusted according to what was negotiated." (Pet., Docket Entry 1 at 17.)

This court has learned the following additional facts and details, not mentioned by Petitioner in his § 2241 petition, from Public Access to Court Electronic Records ("PACER"). See PACER Homepage, https://pacer.login.uscourts.gov/ (last visited July 24, 2009) (enter "Florida" into "All Court Types" search and Petitioner's name).[1] On July 16, 1996, Petitioner pled guilty to three of the six charged counts. See United States v. Peralta, Cr. No. 1:95-691-UU-1 (Docket Entry 81) (available on PACER). On September 27, 1996, Petitioner was sentenced to 70 months as to count 1, 60 months as to count 2, and 240 months as to count 4, to be served consecutively to one another for a total of 370 months, plus 3 years of supervised release. Id. at (Docket Entries 91-92) (available on PACER). After Petitioner's petition pursuant to § 2255 was denied on September 7, 1999, it appears that Petitioner did not file an appeal from that order. However, after Petitioner's January 17, 2001, motion to reduce sentence was denied by the U.S. District Court for the Southern District of Florida on March 23, 2001,[2] Petitioner appealed that decision to the United States Court of Appeals for the Eleventh Circuit. On December 28, 2001, that Court of Appeals filed its decision affirming the judgment/order of the district court, and the

---

[1] The court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

[2] See United States v. Peralta, Cr. No. 1:95-691-UU-1 (Docket Entry 131) (available on PACER).



mandate was entered on January 30, 2002.  Id. at (Docket Entry 140) (available in PACER).  In affirming Petitioner's sentence, the Eleventh Circuit Court of Appeals noted that Petitioner had pled guilty to one armed bank robbery charge and two firearm charges and that even though he did *not* plead guilty to two additional armed bank robbery charges he had admitted in the plea agreement that he did commit those offenses.  Id.  The Court found that there was no error in the upward adjustments to Petitioner's sentence.  Id.

## DISCUSSION

The threshold question is whether Petitioner's claims are properly raised in this court pursuant to 28 U.S.C. § 2241.  Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'"  Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted).  Challenges to the execution or implementation of a federal prisoner's sentence usually involve "parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."  See Manigault v. Lamanna, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at *1, fn.4 (D.S.C. May 11, 2006).  In this action, Petitioner is attacking the validity of his sentence and the contents of his guilty plea agreement, and this type of claim should usually be brought under § 2255 in the sentencing court.  Id.  However, § 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of the petitioner's detention when a § 2255 petition is "inadequate or ineffective to test the legality of his detention."  Id. (citing 28 U.S.C. § 2255).

The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A



contrary rule would effectively nullify the gatekeeping provisions." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." Id. In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255. Chisholm v. Pettiford, No. 6:06-2032-PMD-WMC, 2006 WL 2707320 at *2 (D.S.C. Sept. 18, 2006).

Here, Petitioner does not appear to allege any facts or circumstances that would bring his case within the savings clause. Instead, it seems that Petitioner is hoping for better luck in this court. He appears to argue grounds for relief in this action that are similar to grounds he previously raised before the sentencing court, or he now raises grounds for relief which he could have, but did not, raise before the sentencing court. Importantly, his petition seeks a reduction of his sentence which the Eleventh Circuit Court of Appeals previously rejected. Accordingly, Petitioner's claims are not cognizable in this court pursuant to § 2241. Additionally, if Petitioner desires to bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the

PJG

court of appeals in which circuit the sentencing district court sits, in this case, the Eleventh Circuit.  See 28 U.S.C. § 2244(a); 28 U.S.C. § 2255.

**RECOMMENDATION**

This court recommends that the above-captioned case be dismissed without prejudice and without service of process.  See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214; Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 7, 2009
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).