UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Peter Peralta,                )<br>                              )<br>         Petitioner,          )<br>                              )<br>v.                            )<br>                              )<br>Warden of FCI Williamsburg,   )<br>                              )<br>         Respondent.          )<br>_____) | Civil Action No.: 0:09-cv-01812-RBH<br><br><br>**ORDER** |

Petitioner, Peter Peralta, is a federal prisoner proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 2241.[1] He is currently an inmate at Federal Correctional Institution-Williamsburg in South Carolina.

Pending before the court is the [Docket Entry #7] Report and Recommendation of United States Magistrate Judge Paige J. Gossett filed on August 7, 2009.[2] In her Report, the Magistrate Judge recommended that the case should be summarily dismissed "because Petitioner's claims are not cognizable in this court pursuant to § 2241." Report [Docket Entry #7] at 6. Petitioner timely filed objections to the Report.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de*

---

[1] The Magistrate Judge initially erroneously notes that Petitioner brought this suit under 28 U.S.C. § 2254, however, that appears to be a clerical error and the body of her Report and Recommendation analyzes whether his claims are properly raised pursuant to 28 U.S.C. § 2241.

[2] This matter was automatically referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

*novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

"Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal postconviction relief from judgments of conviction entered in federal and state courts." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Generally, to collaterally attack the validity of a federal conviction or sentence, a prisoner is required to file a motion pursuant to 28 U.S.C. § 2255. *Id*. A § 2241 motion is used to attack only the execution of the sentence. *Id*. Moreover, unlike a § 2255 motion which is filed in the trial and sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

A district court is prohibited from hearing an application for a writ of habeas corpus on behalf of a prisoner who is authorized to seek relief pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief." 28 U.S.C. § 2255(e). However, § 2255 does contain a savings

clause that permits a district court to entertain a § 2241 petition challenging the validity of a prisoner's sentence or conviction when § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*

The Fourth Circuit Court of Appeals has held that "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d at 333. Moreover, "§ 2255 is not rendered inadequate or ineffective merely . . . because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5. In *Jones*, however, the Fourth Circuit did hold that § 2255 would be considered inadequate or ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34.

In the case presently before the court, Petitioner's claims are not cognizable under 28 U.S.C. § 2241. Petitioner raised four grounds in his petition, which are: (1) ineffective assistance of counsel, (2) diminished mental capacity; (3) entrapment by the government, and (4) illegal sentence due to improper enhancements based upon conduct for which he was not convicted. Additionally, he states that he brought this § 2241 petition to "challenge the validity of the underlying sentence and conviction" and to seek "relief from the currently imposed sentence." Memo in Support of Petition [Docket Entry #1, Attach. 1] at 1. However, a § 2241 petition is not the proper vehicle by which to challenge the validity of one's detention. Generally, such a challenge can only be properly raised through a § 2255 motion. Petitioner had previously brought an unsuccessful § 2255 motion in the sentencing court in Florida. Moreover,

Petitioner does not appear to allege any facts or circumstances that would bring this case within § 2255's savings clause. Accordingly, his claims are not cognizable in this court under § 2241.

In his objections, Petitioner fails to address the Magistrate Judge's finding that his claims are not cognizable under § 2241. Instead, he generally re-alleges his ineffective assistance of counsel and diminished capacity claims, and states that he is "hoping to find 'better law issuers who issue better and just law.'" Objections [Docket Entry #10] at 1.

## Conclusion

The court has reviewed the Report and Recommendation, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

November 10, 2009
Florence, South Carolina